# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-09-1292-W |
| ) | |
| DAVID C. MILLER, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner represented by counsel brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated hereafter, it is recommended that the petition be transferred to the United States District Court for the Northern District of Oklahoma.

Petitioner is attempting to challenge his convictions of possession of a firearm, after former convictions of a felony (Count One); driving while under the influence of drugs (Count Three); operating a vehicle with taxes due to the State (Count Four); and failure to signal (Count Five). Case No. CF-2006-281, District Court of Mayes County. Petitioner received a sentence of 30 years of imprisonment on Count One, a $1,000.00 fine on Count Three, and a $5.00 fine on Count Five. Since Petitioner attacks a conviction from the District Court of Mayes County, which is located within the Northern District of Oklahoma, 28 U.S.C. § 116(a), and since he is incarcerated in the Lawton Correctional Facility in

Comanche County, in the Western District of Oklahoma, both federal courts have jurisdiction to entertain this habeas petition. 28 U.S.C. §2241(d).

However, it has been a long standing policy of this Court and the U.S. District Court for the Northern District of Oklahoma that justice is normally better served by the adjudication of a habeas petition in the district where the conviction was entered since that is where the trial court officials and records are located, where trial counsel for the prosecution and Petitioner are ostensibly available and where any necessary witnesses usually reside.

Transportation of Petitioner to any hearing in the Northern District would be a modest expense for state and/or federal officials when compared with the cost of an evidentiary hearing in Oklahoma City. This Court may, in its discretion and in the interest of justice, transfer this action to any other court in which such action could have been brought. 28 U.S.C. §2241(d). Based on the considerations discussed herein, the undersigned recommends that the case be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## **RECOMMENDATION**

For the foregoing reasons, it is the recommended that this petition for a writ of habeas corpus be transferred to the United States District Court for the Northern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 14th day of December, 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to

make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to send a copy of the petition and this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent.

ENTERED this 24th day of November, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE