# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JASON WILLIS,                                    )
                                             )
                    Petitioner,                     )
                                             )
vs.                                              )   Case No. 09-CV-802-TCK-TLW
                                             )
DAVID C. MILLER, Warden;                         )
DREW EDMONDSON, Attorney General,                )
                                             )
                  Respondents.                   )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate represented by counsel, filed his petition (Dkt. # 1) on November 20, 2009, in the United States District Court for the Western District of Oklahoma. On December 22, 2009, the case was transferred to this District Court. See Dkt. # 7. On January 21, 2010, Petitioner filed an amended petition (Dkt. # 11). In response to the amended petition, Respondent filed a motion to dismiss (Dkt. # 16), alleging that the amended petition contains an unexhausted claim. Petitioner filed a response (Dkt. # 18) to the motion to dismiss. For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, the Court finds Petitioner should be afforded the opportunity to file a second amended petition containing only his exhausted claims and deleting his unexhausted claims.

### BACKGROUND

The record reflects that Petitioner was convicted by a jury of Carrying a Firearm After Felony Conviction (Count I), Driving While Under the Influence of Drugs (Count III), Driving a Vehicle With Taxes Due the State (Count IV), and Failure to Signal (Count V), in Mayes County District Court, Case No. CF-2006-281. He was found to be not guilty of Unlawful Possession of

Marijuana (Count II).  On September 5, 2007, the trial court sentenced Petitioner in accordance with the jury's recommendation to thirty (30) years imprisonment on Count I, a fine of $1,000.00 on Count III, no fine on Count IV, and a $5.00 fine on Count V.   Petitioner was represented at trial by attorney Glenn M. Mirando.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorneys Alecia Felton George and Robert L. Wyatt, IV, raised the following five (5) propositions of error:

Proposition 1:  The trial court abused its discretion by beginning the trial without Mr. Willis present, and misled defense counsel in violation of Mr. Willis' right to due process and a fundamentally fair trial.
     A.     Applicable standard of review
     B.     Discussion

Proposition 2:  The trial court failed to follow the proper procedure for trial of the offense of carrying a firearm after felony conviction charged in a multiple count information that included offenses which do not require a prior conviction as an element of the crime.
     A.     Applicable standard of review
     B.     Discussion
          1.     Failure to follow mandatory <u>Chapple</u> procedure
          2.     Error in admitting evidence of the nature and names of prior convictions
          3.     Conclusion

Proposition 3:  Ineffective assistance from defense attorney Glenn Mirando, including the failure to object to blatantly prejudicial evidentiary harpoons, pervaded Mr. Willis' jury trial.
     A.     Applicable standards of review
     B.     Discussion
          1.     Failure to insist on a bifurcated trial pursuant to <u>Chapple v. State</u> for trial of the offense of carrying a firearm after felony conviction charged in a multi-count information [and failure to object to the admission of the name and the nature of prior convictions].
          2.     Failure to object to prejudicial and irrelevant other crimes evidence and evidentiary harpoons and to request a limiting instruction.

3.      Failure to call Jerrod Scott as a witness at jury trial.
4.      Conclusion.

Proposition 4:  Insufficient evidence was presented to support Mr. Willis' convictions beyond a reasonable doubt.
A.      Applicable standards of review
B.      Discussion

Proposition 5:  Cumulative error at trial warrants a reversal of Mr. Willis' convictions and remand for a new trial.  Alternatively, Mr. Willis' punishment is excessive and warrants modification due to the cumulative errors.
A.      Applicable standards of review
B.      Discussion

See Dkt. # 17, Ex. 1.  In an unpublished Summary Opinion filed November 20, 2008, in Case No. F-2007-991, the OCCA affirmed Petitioner's Judgment and Sentence.  Id.  Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

Petitioner, represented by attorney James O. Goodwin, commenced this habeas corpus action on November 20, 2009.  See Dkt. # 1.  In his amended petition (Dkt. # 11), he identifies his grounds for relief, as follows:

Petitioner was denied his rights under the Sixth and Fourteenth Amendments of the constitution of the United States of America.

A:      Petitioner's Due Process Rights under the Sixth and Fourteenth Amendments were violated.

1.      Prosecutorial misconduct.
        a.      In his opening statement, his reading to the jury multiple prior convictions from the criminal information even after the admonishment from the court not to do so and in violation of *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).
        b.      The failure to give notice to the Petitioner of intent to use against him other bad acts evidence pursuant to *Burks v. State*, 1979 OK CR 10, 594 P.2d 771, *Freeman v. State*, 1988 OK CR 192, 767 P.2d 1354

(adopting *Burks*) and 12 O.S. § 2404(B), Fed. Rule Evid. 404(b), *infra*.

    c.    The prosecutorial scheme eliciting prejudicial irrelevant bad act evidence during the testimony of State's witnesses in violation of 12 O.S. § 2404(B), Fed. Rule Evid. 404(b), *Burks* and *Freeman*.

    d.    In closing argument, resorting to sophistry arguing to the jury that the defendant was guilty of driving under the influence of drugs because the petitioner declined to take a DUI test.

  2.    Petitioner had ineffective assistance of counsel.

    a.    Object and move for a mistrial when enduring the prosecutor's misconduct throughout the trial.

    b.    Object and move for a mistrial after the admission of the name and the nature of prior convictions.

    c.    Object and move for a mistrial after the admission of prejudicial and irrelevant other crimes and bad acts evidence.

    d.    Request that the jury receive instruction regarding the proper use of other crimes and bad acts evidence.

    e.    Insist on a bifurcated trial.

  3.    Highly prejudicial other bad acts evidence against Petitioner was improperly introduced.

  4.    The jury was not instructed on the limited purpose for which bad act evidence was to be considered.

  5.    Petitioner was entitled to a bifurcated proceeding.

  B:    Cumulative errors at trial warrant a reversal of Petitioner's convictions and remand for a new trial alternatively, Petitioner's punishment warrants a modification due to cumulative errors.

<u>See</u> Dkt. # 11. In the motion to dismiss for failure to exhaust state remedies, counsel for Respondent states that Petitioner's claim of prosecutorial misconduct has never been presented to the OCCA and is, therefore, unexhausted. Because Petitioner has not filed an application for post-conviction relief, Respondent contends he has an available remedy for his unexhausted claim.

On March 9, 2010, Petitioner filed a response (Dkt. # 18) to the motion to dismiss. He admits that he "did not separately state" a claim of prosecutorial misconduct on direct appeal, but asserts

4

that the claim was "substantively argued" in both his "Opening Brief of Appellant" and in his "Reply Brief of Appellant."[1]

### ANALYSIS

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 111 S. Ct. 2546, 2554-55 (1991).  To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions.  Rhines v. Weber, 544 U.S. 269, 274 (2005).

In the motion to dismiss for failure to exhaust state court remedies, Respondent asserts that Petitioner's claim of prosecutorial misconduct is unexhausted. For the reasons discussed below, the

---

[1]The Court notes that the "Reply Brief of Appellant" has not been made part of the record in this habeas corpus action.

Court agrees that the claim of prosecutorial misconduct is unexhausted. The Court further finds that the petition contains other unexhausted claims. Specifically, Petitioner's claims that trial counsel provided ineffective assistance of counsel in failing to object to instances of prosecutorial misconduct and to move for a mistrial, his claim that highly prejudicial other bad acts were improperly introduced, and his claim based on the trial court's failure to instruct the jury on the limited consideration of prior bad acts, are all unexhausted.

The issue in this case is not whether Petitioner makes factual allegations in this federal habeas case that were not presented to the state courts. See, e.g., Wilson v. Workman, 577 F.3d 1284 (10th Cir. 2009). Instead, the issue is whether the OCCA, on the record and argument before it, "had a fair opportunity" to consider Petitioner's unexhausted claims and to correct the resulting constitutional defect in Petitioner's conviction. Picard, 404 U.S. at 276-77; Hawkins v. Mullin, 291 F.3d 658, 669 (10th Cir. 2002). In order to be fairly presented, the claims raised to the state appellate court must be the "substantial equivalent" of the claims raised in the federal habeas petition. See Picard, 404 U.S. at 278. A claim is exhausted if the petitioner presented the "substance of a federal habeas corpus claim" to the state's highest court. Id.

After careful review of the record in this case, the Court finds that Petitioner's claim of prosecutorial misconduct has not been fairly presented to the OCCA since it was not raised as a separate constitutional claim on direct appeal. Similarly, although Petitioner cited numerous instances of ineffective assistance of counsel on direct appeal, he did not raise a claim of ineffective assistance of counsel for failing to object to prosecutorial misconduct. Petitioner's claims identified as A(3) and A(4), concerning improper admission of other crimes or bad act evidence and lack of a jury instruction providing guidance on consideration of evidence of other crimes or bad acts, were

6

raised on direct appeal as instances of ineffective assistance of counsel. They were not, however, raised as constitutional claims separate from ineffective assistance of counsel. Nor did Petitioner raise on direct appeal any claim of ineffective assistance of counsel for failing to move for a mistrial. All of the claims identified in this paragraph are unexhausted. The unexhausted claims asserted in the amended petition are identified above as A(1), A(2)(a), A(3), A(4), and all claims of ineffective assistance of counsel for failing to move for a mistrial. While the claims presented on direct appeal and in this habeas corpus action have overlapping factual predicates, the unexhausted claims identified above are legally or analytically distinct from the claims raised on direct appeal. Furthermore, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief. Therefore, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The Supreme Court has noted that "[a]s a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statue of limitations is not tolled during the pendency

of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claim by the § 2244(d) limitations period.[2]

In his response to the motion to dismiss, Petitioner requests that this habeas action be held in abeyance if the Court determines that his petition contains unexhausted claims. Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.  Petitioner offers no explanation for his failure to exhaust his claims in state court prior to raising them in his habeas petition.  See Dkt. # 24.  Petitioner has failed to demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his federal petition.  For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to amend his petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278.  Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims identified in the amended petition that were

---

[2]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on February 18, 2009, or 90 days after the OCCA affirmed his conviction on direct appeal on November 20, 2008, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's deadline for filing a timely petition for writ of habeas corpus was February 18, 2010.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed November 20, 2009, or before the deadline. However, the deadline has now passed.  As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period has expired during the pendency of this action.

raised on direct appeal, he may, within twenty-one (21) days of the entry of this Order, file a second amended petition raising only his exhausted claims and deleting his unexhausted claims.[3]  If Petitioner fails to file a second amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2.      Within twenty-one (21) days of the entry of this Order, Petitioner may file a second amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files a second amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3.      Should Petitioner fail to file a second amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the amended petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

DATED THIS 11th day of May, 2010.

_Terence C Kern_

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

_____

    [3]Petitioner is advised that should he choose to file a second amended petition deleting his unexhausted claims, he may be precluded by 28 U.S.C. § 2244(b) and (d) from returning to this Court on those claims after he has exhausted his state remedies.  However, should the instant petition be dismissed as a mixed petition, Petitioner may be precluded by § 2244(d) from presenting any claim challenging his conviction, including his currently exhausted claims, in federal court, as discussed herein.