## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON RAY WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-802-TCK-TLW |
| ) | |
| DAVID C. MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner Jason Ray Willis, a state prisoner appearing through counsel, filed his original petition (Dkt. # 1) on November 20, 2009, in the United States District Court for the Western District of Oklahoma. On December 22, 2009, the case was transferred to this District Court (Dkt. # 7). On January 21, 2010, Petitioner filed an amended petition (Dkt. # 11). In response to the amended petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 16). By Opinion and Order entered May 11, 2010 (Dkt. # 19), the Court found that Petitioner's amended petition was subject to dismissal as a "mixed petition" containing both exhausted and unexhausted claims. However, Petitioner was allowed the opportunity to file a second amended petition containing only the exhausted claims and deleting his unexhausted claims. Petitioner filed his second amended petition (Dkt. # 20) on June 1, 2010. Respondent filed a response to the second amended petition (Dkt. # 22), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 22, 23, 24). Petitioner did not file a reply. For the reasons discussed below, the second amended petition for writ of habeas corpus shall be denied.

As a preliminary matter, the Court finds that because the second amended petition replaces and supersedes the amended petition and the original petition, the amended petition (Dkt. # 11) and the original petition (Dkt. # 1) shall be declared moot.

## *BACKGROUND*

On October 18, 2006, at about 2:00 p.m., Deputy Marty Early of the Mayes County Sheriff's Office initiated a traffic stop after he observed Petitioner make a left turn without signaling. Petitioner was driving a pick-up truck that he had borrowed from a friend. The truck had an expired temporary license tag. Because the tag had expired, Deputy Early decided to have the truck towed. Lieutenant Charles Smallwood, also from the Mayes County Sheriff's Office, was nearby and stopped to assist. Lieutenant Smallwood began an inventory of the truck prior to arrival of the tow truck. He observed a firearm laying in the rear seat of the truck. After determining that Petitioner had prior felony convictions, the officers arrested Petitioner and placed him in Deputy Early's patrol car. Deputy Early noted that Petitioner appeared shaky, had bloodshot, watery eyes and slurred speech. As Petitioner was being transferred to another vehicle for transport, they found a baggie of marijuana underneath the seat where Petitioner had been sitting in Deputy Early's car.

As a result of those events, Petitioner was charged in Mayes County District Court, Case No. CF-2006-281, with Carrying a Firearm After Felony Conviction (Count I), Unlawful Possession of Marijuana (Count II), Driving While Under the Influence of Drugs (Count III), Driving a Vehicle With Taxes Due the State (Count IV), and Failure to Signal (Count V). Petitioner was tried by a jury in a single stage trial. He testified in his own defense. The jury found Petitioner guilty of Counts I, III, IV, and V, and not guilty of Count II. On September 5, 2007, the trial court sentenced Petitioner in accordance with the jury's recommendation to thirty (30) years imprisonment on Count

I, a fine of $1,000.00 on Count III, no fine on Count IV, and a $5.00 fine on Count V.   Petitioner was represented at trial by attorney Glenn M. Mirando.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorneys Alecia Felton George and Robert L. Wyatt, IV, raised the following five (5) propositions of error:

> Proposition 1: The trial court abused its discretion by beginning the trial without Mr. Willis present, and misled defense counsel in violation of Mr. Willis' right to due process and a fundamentally fair trial.
>
>     A.    Applicable standard of review
>     B.    Discussion
>
> Proposition 2: The trial court failed to follow the proper procedure for trial of the offense of carrying a firearm after felony conviction charged in a multiple count information that included offenses which do not require a prior conviction as an element of the crime.
>
>     A.    Applicable standard of review
>     B.    Discussion
>         1.    Failure to follow mandatory <u>Chapple</u> procedure
>         2.    Error in admitting evidence of the nature and names of prior convictions
>         3.    Conclusion
>
> Proposition 3: Ineffective assistance from defense attorney Glenn Mirando, including the failure to object to blatantly prejudicial evidentiary harpoons, pervaded Mr. Willis' jury trial.
>
>     A.    Applicable standards of review
>     B.    Discussion
>         1.    Failure to insist on a bifurcated trial pursuant to <u>Chapple v. State</u> for trial of the offense of carrying a firearm after felony conviction charged in a multi-count information [and failure to object to the admission of the name and the nature of prior convictions].
>         2.    Failure to object to prejudicial and irrelevant other crimes evidence and evidentiary harpoons and to request a limiting instruction.
>         3.    Failure to call Jerrod Scott as a witness at jury trial.

>   4. Conclusion.
>
> Proposition 4: Insufficient evidence was presented to support Mr. Willis' convictions beyond a reasonable doubt.
>
>   A. Applicable standards of review
>   B. Discussion
>
> Proposition 5: Cumulative error at trial warrants a reversal of Mr. Willis' convictions and remand for a new trial. Alternatively, Mr. Willis' punishment is excessive and warrants modification due to the cumulative errors.
>
>   A. Applicable standards of review
>   B. Discussion

See Dkt. # 22, Ex. 1. In an unpublished Summary Opinion filed November 20, 2008, in Case No. F-2007-991, the OCCA affirmed Petitioner's Judgment and Sentence. See Dkt. # 22, Ex. 3. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

In his second amended petition (Dkt. # 20), Petitioner, represented by attorney James O. Goodwin, identifies his grounds for relief, as follows:

> Petitioner was denied his rights under the Sixth and Fourteenth Amendments of the Constitution of the United States of America.
>
> A: Petitioner's Due Process Rights under the Sixth and Fourteenth Amendments were violated.
>
>   1. Petitioner had ineffective assistance of counsel.
>
>   2. Petitioner was entitled to a bifurcated proceeding.
>
> B: Cumulative errors at trial warrant a reversal of Petitioner's convictions and remand for a new trial. Alternatively, Petitioner's punishment warrants a modification due to cumulative errors.

See Dkt. # 20.

In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas proceeding, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 22.

*ANALYSIS*

**A.       Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.       Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

5

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his conviction and sentence to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 22, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

**1. Failure to bifurcate trial (ground A(2))**

In ground A(2), Petitioner contends that his right to a fair trial was violated because the charge of Possession of a Firearm, After Former Conviction of a Felony (Count I) should have been bifurcated from the remaining counts. He relies on Chapple v. State of Oklahoma, 866 P.2d 1213 (Okla. Crim. App. 1993) (requiring bifurcation if defendant is charged with multiple counts, one or more which require prior conviction as an element of the crime, and one or more which do not) for support. See Dkt. # 20 at 15-16. The OCCA found that Petitioner was correct in his assertion that the trial court erred in failing to follow the mandates of Chapple. Dkt. # 22, Ex. 3 at 2. However, the OCCA concluded that the trial court's error was harmless. Id. at 2-3.

"[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). While an Oklahoma defendant has a statutory right to a bifurcated trial, see Okla. Stat. tit. 22, § 860.1, there is no federal constitutional right to a bifurcated trial. Spencer v. Texas, 385 U.S. 554, 568 (1967) ("Two-part jury trials . . . have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure."). Thus, the failure to

6

provide a bifurcated trial concerns an issue of state law. Errors of state law only provide room for federal habeas relief when they "shock the judicial conscience." Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir.1999).

Even if the error in this case rose to the level of a constitutional violation, the error was harmless. The appropriate harmless error standard to be applied on habeas review is found in Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). See Herrera v. Lemaster, 301 F.3d 1192, 1199 (10th Cir. 2002). That standard "requires reversal only if [the error] had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 631 (citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)). "[E]rrors which do not contribute to the verdict should not be reversed unless their effect is fundamentally unfair." United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012) (citing Rose v. Clark, 478 U.S. 570, 579 (1986)). Under O'Neal v. McAninch, 513 U.S. 432 (1995), a "substantial and injurious effect" exists when the court finds itself in "grave doubt" about the effect of the error on the jury's verdict. 513 U.S. at 435. "[W]hen a court is 'in virtual equipoise as to the harmlessness of the error' under the Brecht standard, the court should 'treat the error . . . as if it affected the verdict . . . .'" Fry v. Pliler, 551 U.S. 112, 120, 121 n.3 (2007), (quoting O'Neal, 513 U.S. at 435).

The Court finds Petitioner has failed to demonstrate that the trial judge's failure to bifurcate his trial according to the mandate of Chapple had a substantial and injurious effect on the jury's verdicts. The evidence that Petitioner was a prior felon was uncontroverted. Petitioner testified in his own defense and readily admitted his prior convictions. Although Petitioner testified that he "didn't know the rifle was there," see Dkt. # 24-1, Tr. Trans. at 247, Lieutenant Smallwood testified that he saw the rifle "laying in the rear seat partially exposed, had some bags and different items on

the gun and down in the floorboard of the truck," see id. at 182. Smallwood also testified that a gym bag and briefcase containing paperwork bearing Petitioner's name had been placed on top of the rifle and that if someone placed those items on top of the rifle, they would have seen the rifle. Id. at 185.[1] Significantly, Petitioner was found not guilty of the second felony offense with which he was charged, Unlawful Possession of Marijuana. Clearly, the fact that Petitioner had prior felony convictions did not result in the prejudicial misuse of the prior convictions as to the jury's resolution of that charge.  In addition, the punishment recommended by the jury on the misdemeanor traffic convictions does not reflect prejudicial misuse of the prior convictions as to the jury's resolution of those charges. Therefore, under the facts of this case, the Court finds that the failure to bifurcate Petitioner's trial did not have a substantial and injurious effect on the jury's verdicts. Thus, the OCCA's adjudication of this claim was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Having failed to satisfy his burden under AEDPA, the Court finds that Petitioner is not entitled to habeas relief on his claim regarding the failure to bifurcate his trial.

**2. Ineffective assistance of trial counsel (ground A(1))**

Petitioner contends that his trial counsel was ineffective for failing to: (a) object to admission of the name and nature of his prior convictions, (b) object to the admission of prejudicial and irrelevant other crimes and bad acts evidence, (c) request that the jury receive an instruction

---

[1] Oklahoma law provides that it shall be unlawful for any person convicted of a felony to have in his possession "or under his or her immediate control, **or in any vehicle which the person is operating**" . . . "any pistol, imitation or homemade pistol, altered air or toy pistol, machine gun, sawed-off shotgun or rifle, or **any other dangerous or deadly firearm**." See Okla. Stat. tit. 21, § 1283(A) (emphases added).

regarding the proper use of other crimes and bad acts evidence,[2] and (d) insist on a bifurcated trial. Dkt. # 20 at 10. Relying on Strickland v. Washington, 466 U.S. 668 (1984), the OCCA rejected these claims, finding that Petitioner had "failed to meet the *Strickland* standard required for showing that his counsel was constitutionally ineffective." See Dkt. # 22, Ex. 3 at 3.

To be entitled to habeas corpus relief on this claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under the framework laid out in Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Le v. Mullin, 311 F.3d 1002, 1024-25 (10th Cir. 2002). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[2] Although Petitioner enumerates four areas of ineffective assistance of counsel on page 10 of his second amended petition, he fails to provide any argument or further mention of the claim described as failing to request that the jury receive an instruction regarding the proper use of other crimes and bad acts evidence. In the argument section of his petition, he discusses only subparts a, b, and d, but he identifies the argument about failure to insist on a bifurcated trial as subpart (c).

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

As discussed below, the Court is troubled by the representation provided by trial counsel. However, the Court finds that Petitioner cannot overcome the deferential hurdles imposed by the AEDPA and Strickland.

### a. Improper admission of evidence of other crimes (subparts a, b, c)

In subpart "a" of his ineffective assistance of counsel claim, Petitioner complains that the prosecutor improperly told the jury during *voir dire* the names and nature of his prior convictions. See Dkt. # 20 at 10. Citing Old Chief v. United States, 519 U.S. 172, 186 (1997), Petitioner argues that his attorney's failure to object was unreasonable under prevailing professional norms. Id. at 11. Petitioner argues in subpart "b" that his attorney failed to object to irrelevant and prejudicial testimony about other crimes and bad acts he had committed. Id. He relies on state law cases concerning evidence requirements to support this claim. In subpart "c," Petitioner complains that his attorney failed to ask for a jury instruction regarding the proper use of other crimes evidence. Id. at 10. However, as noted above, Petitioner provides no argument or citations in support of the claim identified in subpart "c."

10

These claims of ineffective assistance of counsel were raised by Petitioner as part of Proposition III of his direct appeal brief. See Dkt. # 22, Ex. 1 at 26-43. In adjudicating Petitioner's claim underlying subpart "a," that the trial court abused its discretion in permitting the jury to hear the names and nature of his prior felony convictions, the OCCA found no trial court error in the admission of the prosecutor's statements and testimonial evidence about Petitioner's prior crimes because "the details concerning the nature of Appellant's prior convictions were introduced largely through Appellant's own testimony." Dkt. # 22, Ex. 3 at 3. As to Petitioner's claim that trial counsel provided ineffective assistance in failing to object, the OCCA further concluded that Petitioner "failed to meet the *Strickland* standard required for showing that his counsel was constitutionally ineffective." Id.

The record reflects that during *voir dire*, the prosecutor told the potential jurors that Petitioner faced five charges, including Possession of a Firearm, After Former Conviction of a Felony. See Dkt. # 11-1, Tr. Trans. Vol. I at 42-47. However, he did not identify the names and nature of Petitioner's prior convictions during *voir dire*. None of the prosecutor's references to Petitioner's prior felony conviction during *voir dire* drew an objection from trial counsel. When reading the Information, prior to making his opening statement, the prosecutor stated that in Count I, Petitioner was charged with carrying a firearm "after he had been convicted of Count 1, unlawful possession of a controlled drug; Count 3, knowingly concealing stolen property; Count 4, possession of a police scanner in use while in the commission of a felony, in Case No. CF-01-364 in Mayes County on January 31, 2003." Id., Tr. Trans. Vol. II at 154. Again, trial counsel failed to object. Significantly, Petitioner chose to testify in his defense, and readily admitted his guilt of certain prior crimes and bad acts during his testimony. See Dkt. # 24-1, Tr. Trans. Vol. II at 240-44. As a result,

Old Chief, the case cited by Petitioner, is distinguishable. In Old Chief, the trial court denied the defendant's request to stipulate to prior convictions, and instead allowed the prosecutor to present more detailed descriptions of his prior bad acts. Old Chief, 519 U.S. at 186. No stipulation was offered and rejected in Petitioner's case. Because Petitioner chose to testify about his prior convictions, the prosecutor was allowed to introduce evidence of his relevant prior convictions. See Byrd v. Workman, 645 F.3d 1159, 1162 (10th Cir. 2011). Similar to the defendant in Byrd, Petitioner "chose to be up-front about his criminal past." Id. at 1163. As a result, even if trial counsel performed deficiently in failing to object to the prosecutor's statements regarding Petitioner's prior crimes during *voir dire* and while reading the Information, Petitioner cannot demonstrate that he suffered prejudice. Strickland, 466 U.S. at 700. He is not entitled to habeas relief on this portion of his claim of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d).

In subpart "b," Petitioner sets out detailed state law requirements concerning introduction of evidence of other crimes. See Dkt. # 20 at 11-14. He argues that the prosecution did not comply with the rules set forth in Bryan v. State, 935 P.2d 338 (Okla. Crim. App. 1997), and Freeman v. State, 767 P.2d 1354 (Okla. Crim. App. 1988), and that his attorney provided ineffective assistance in failing to object to the testimony of Lieutenant Smallwood on that basis. Much of Lieutenant Smallwood's testimony was certainly objectionable.[3] As discussed above, however, Petitioner chose to testify in his own defense and readily admitted his prior drug use and prior convictions. In light

---

[3] Lieutenant Smallwood testified, *inter alia*, that he had "dealt with Jason many times in the past," see Dkt. # 24, Tr. Trans. Vol. II at 181; that "[Jason's] one of the guys I've dealt with through pretty much my whole stint at Mayes County," id. at 187; and that Petitioner's actions "indicated to me that he must be using methamphetamine again," id. at 189. None of those comments drew an objection from defense counsel. In addition, on cross-examination, defense counsel asked questions highlighting Lieutenant Smallwood's familiarity with Petitioner and Petitioner's drug use. Id. at 199-200.

12

of his own testimony, Petitioner has not demonstrated that he suffered prejudice as a result of trial counsel's deficient performance. Strickland, 466 U.S. at 700. He is not entitled to habeas relief on this portion of his claim of ineffective assistance of trial counsel.  28 U.S.C. § 2254(d).

As noted above, Petitioner wholly fails to provide any argument in support of his subpart "c" claim that trial counsel was ineffective for failing to request a jury instruction regarding the proper use of evidence of prior crimes or bad acts. He makes no effort to explain how he is entitled to relief under § 2254(d) on this part of his ineffective assistance claim. The Court will not craft an argument for Petitioner. Simply listing the claim without further discussion is insufficient to convince this Court that a constitutional violation occurred.

### b.  Failure to object to single stage trial (subpart d)

In subpart "d," Petitioner complains that trial counsel provided ineffective assistance in failing to object to the trial court's failure to bifurcate his trial.  As discussed above, the failure to bifurcate was erroneous under state law.  However, the error was harmless.  Thus, even if counsel performed deficiently, Petitioner has not demonstrated that he suffered prejudice as a result of counsel's deficient performance. Strickland, 466 U.S. at 700. He is not entitled to habeas relief on this portion of his claim of ineffective assistance of trial counsel.  28 U.S.C. § 2254(d).

In summary, although trial counsel's performance in this case was certainly bothersome and deficient in several aspects, this Court finds that Petitioner cannot overcome the doubly deferential hurdle imposed by AEDPA standards and Strickland. Pinholster, 131 S. Ct. at 1403. Therefore, the Court concludes that Petitioner has failed to demonstrate that the OCCA's adjudication of the claims of ineffective assistance of counsel, as identified in subparts a, b, c, and d of his second amended petition (Dkt. # 20), was contrary to or an unreasonable application of Strickland.  His request for

habeas corpus relief on these claims of ineffective assistance of trial counsel shall be denied under 28 U.S.C. § 2254(d).

### 3. Cumulative error (ground B)

Lastly, Petitioner argues that the combined effect of all of the errors rendered his trial fundamentally unfair. See Dkt. # 20 at 17. He also argues that the accumulated errors resulted in an excessive sentence of thirty (30) years for his Count I conviction. On direct appeal, the OCCA rejected this claim, finding that:

> . . . the trial errors, when considered cumulatively, do not warrant a new trial or sentence modification. *DeRosa v. State*, 2004 OK CR 19, ¶ 100, 89 P.3d 1124, 1157, quoting *Lewis v. State*, 1998 OK CR 24, ¶ 63, 970 P.2d 1158, 1176. Further, his sentence was not excessive. Appellant was sentenced nominally on Counts III and V and not at all on Count IV. His sentence on Count I was well within the statutory range and does not shock the conscience of the Court. *Rea v. State*, 2001 OK CR 28, ¶ 5 n.3, 34 P.3d 148, 149 n.3.

See Dkt. # 2, Ex. 3 at 4.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). In this case, the Court did not find two or more actual errors. As a result, the Court finds no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that

the OCCA's rejection of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

Insofar as Petitioner contends that his sentence on Count I was excessive, the Court agrees with the OCCA's conclusion that the sentence was not excessive. A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." Id. In this case, Petitioner faced a sentence of up to life in prison for the crime of Carrying a Firearm After a Felony Conviction. See Dkt. # 24-6 at 130, Jury Instruction No. 30. Thus, the sentence imposed, thirty (30) years in custody, was within the limitations of Oklahoma law. There is no basis for habeas relief.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court shall grant a certificate of appealability on the issue of ineffective assistance of counsel. Resolution of that issue may be debatable among jurists and the question deserves further proceedings.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his second amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The original petition (Dkt. # 1) and the amended petition (Dkt. # 11) are **declared moot**.
2. The second amended petition for writ of habeas corpus (Dkt. # 20) is **denied**.
3. A separate judgment shall be entered in this matter.
4. A certificate of appealability is **granted** on the issue of ineffective assistance of counsel.

DATED THIS 1st day of March, 2013.

**TERENCE KERN**
**United States District Judge**